**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD ADRIAN SANCHEZ,

    Defendant - Appellant.

No. 16-3126
(D.C. Nos. 5:15-CV-04863-JAR and
5:11-CR-40085-JAR-1)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

Petitioner-Defendant Richard Adrian Sanchez, a federal inmate appearing

pro se, seeks to appeal from the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. United States v. Sanchez, No.

11-40085-01-JAR, 2016 WL 1377344 (D. Kan. Apr. 6, 2016). Because Mr.

Sanchez has not made "a substantial showing of the denial of a constitutional

right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of

appealability ("COA") and dismiss the appeal. Slack v. McDaniel, 529 U.S. 473,

483–84 (2000).

A jury convicted Mr. Sanchez of possession with intent to distribute more

than 500 grams of methamphetamine. He was sentenced to 262 months'

imprisonment and his conviction was affirmed on appeal, where he challenged the sufficiency of the evidence. United States v. Sanchez, 553 F. App'x 842, 844–45 (10th Cir. 2014). In his § 2255 motion, he claimed ineffective assistance of counsel. On appeal, he argues that counsel was ineffective because: (1) counsel did not attempt to challenge as deceptive and coercive the search of the vehicle that Mr. Sanchez was driving, and (2) counsel did not object to the criminal history score contained in the pre-sentence investigation report.

To obtain a COA, Mr. Sanchez must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). To establish ineffective assistance of counsel, Mr. Sanchez was required to prove deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Having reviewed Mr. Sanchez's claims on appeal in light of the district court's resolution, we are satisfied that he cannot meet this standard. Mr. Sanchez raised the consent issue pretrial and the district court found that his consent was voluntary. United States v. Sanchez, No. 11-cr-40085-JAR, 2011 WL 6091744, at *7 (D. Kan. Dec. 7, 2011). Thus, there is no deficient performance; the additional facts he now highlights certainly do not suggest a reasonable probability that the suppression motion would have been granted. As to ineffective assistance concerning the criminal history score, Mr. Sanchez has

failed to show that, but for any of the alleged errors of counsel, there is a reasonable probability that the result of the proceedings would have been different. Id. at 694. Thus, the district court's resolution is not reasonably debateable.

Accordingly, we DENY a COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge